# STATE v. SAMUEL E. SMITH.

150 N. W. (2d) 868.

May 19, 1967—Nos. 40,488, 40,530.

*Biorn & Lais,* for appellant.

*Douglas M. Head,* Attorney General, *Joseph P. Summers,* Corporation Counsel, and *Gerald A. Alfveby,* Assistant Corporation Counsel, for respondent.

PER CURIAM.

The sole issue on this appeal is whether the evidence sustained a St. Paul municipal court finding that defendant entered an intersection and made a left turn in disobedience of a red automatic traffic signal.

Defendant testified positively that driving west on Grand Avenue he entered its intersection with Lexington Avenue when the traffic light facing him was green and that the "light changed to yellow" when he was in the middle of the intersection executing a left turn. One of two patrol-car police officers who issued the traffic ticket also testified positively that he observed defendant enter the intersection against the red traffic signal. He said that when he was about 75 to 100 feet from the intersection approaching on Lexington from the south he observed defendant's vehicle moving west on Grand Avenue. He explained that "after the light turned green for Lexington Avenue and red for Grand Avenue, approximately three to four seconds after the change," defendant entered the intersection and made a left turn. Neither the state nor defendant called the second officer, and defendant did not submit any testimony that the automatic signal was functioning improperly.

The trial court found defendant guilty, concluding "that the light changed [to red] before the defendant did in fact enter the intersection."

Upon the record the court could have decided the fact question either way. Contrary to defendant's argument, it was not incumbent upon the state to present the testimony of the second officer or direct testimony that the automatic signal was functioning properly. The rule governing appellate review of fact issues compels affirmance.

Affirmed.