Louis **GONZALES**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. 2002.

Supreme Court of Alaska.

April 12, 1974.

---

Herbert D. Soll, Public Defender, Lawrence J. Kulik, Asst. Public Defender, Anchorage, for appellant.

Norman C. Gorsuch, Atty. Gen., Juneau, Joseph D. Balfe, Dist. Atty., Stephen G. Dunning, Asst. Dist. Atty., Anchorage, for appellee.

Before RABINOWITZ, C. J., ERWIN, BOOCHEVER and FITZGERALD, JJ., and DIMOND, J. Pro Tem.

FITZGERALD, Justice.

A single issue is presented in this appeal. The appellant Louis Gonzales, who was convicted of one count of selling narcotics in violation of AS 17.10.010, claims the trial court was in error in refusing to permit inquiry into prior juvenile adjudications during the cross-examination of James Doyle, a state witness. Doyle was the principal witness at Gonzales' trial.

Doyle testified that he became slightly involved in the use of heroin while serving in Vietnam as a combat infantryman. He returned to the United States in the latter part of February, 1972, and became addicted to heroin. Although he was temporarily withdrawn from the narcotic in June of 1972 at the Langdon Clinic in Anchorage, he soon returned to its use. At one time his narcotic habit required expenditure of about $100 per day. During this period of time he forged approximately $8,000 in checks. Pressure from his family finally caused him to seek the aid of local drug enforcement agents to obtain treatment for his addiction. Since prosecution on the forged checks charge was imminent, Doyle agreed to aid drug enforcement agents and to make restitution for the checks. In exchange for his cooperation the forgery charges were to be dismissed and Doyle would be allowed to enter an Army rehabilitation program in a Veterans Administration hospital at Tacoma, Washington.

On the evening of July 20, 1973, Doyle was thoroughly searched by enforcement officers. Then, in the company of Police Officer Finley, he was driven to the vicinity of an apartment where Gonzales was known to be. For a number of years Doyle had been acquainted with Gonzales because Gonzales was a friend of Doyle's father. Doyle was given two $20 bills by Finley and, upon leaving the officer's vehicle, proceeded to the apartment. He was admitted by a woman, and according to Doyle, he had a short conversation with Gonzales. Gonzales then took Doyle into a bedroom and sold him two bags of heroin for $40. Doyle left the apartment, re-

turned to Officer Finley's vehicle and turned the heroin over to the officer. During the time Doyle was in the apartment he was outside the officers' view.

Doyle freely admitted at trial that he had forged numerous checks totaling approximately $8,000. On cross-examination Gonzales' attorney informed the trial court that he desired to examine Doyle concerning a 1965 juvenile adjudication for forgery which resulted in probation. The attorney also desired to establish that Doyle's probation had been revoked in 1967 for forgery, leading to a two year commitment. The trial judge rejected this offer of proof, finding the evidence to be only cumulative. The trial judge indicated, however, that in a proper case he would allow the use of prior juvenile adjudications for purposes of impeachment.

We find no error in the ruling. Rule 26(f) of the Rules of Criminal Procedure permits limited use of prior convictions for impeachment of credibility.[1] The prior convictions must involve dishonesty and must have occurred within five years from the time they are offered. Since Doyle's juvenile adjudications involved forgeries the requirement of dishonesty was met. However, neither of the adjudications occurred within the five-year limitation prescribed by the rule. Moreover, the proffered evidence would have been cumulative since Doyle admitted forgeries amounting to $8,000 which were not remote in time, having occurred during the period of his addiction shortly before he testified.

We are of course aware of Davis v. Alaska, —— U.S. ——, 94 S.Ct. 1105, 39 L. Ed.2d 347 (1974), rev'g Davis v. State, 499 P.2d 1025 (Alaska 1972), only recently decided. Chief Justice Burger, writing for the majority, held that the constitutional right of confrontation required that defense counsel in *Davis* be allowed to investigate the potential bias of a crucial prosecution witness, even where that potential bias arose out of a juvenile adjudication and its resultant probationary status. The Chief Justice concluded that Alaska's interest in protecting the anonymity of the juvenile offender[2] was outweighed by the more critical need to afford a criminal defendant reasonable inquiry into the motives of prosecution witnesses.

As Justice Stewart noted in his concurring opinion, however, the Supreme Court did not suggest that the state's interest in the secrecy of juvenile adjudications must always fall before the confrontation right:

".  .  . I would emphasize that the Court neither holds nor suggests that the Constitution confers a right in every case to impeach the general credibility of a witness through cross-examination about his past delinquency adjudications or criminal convictions. —— U.S. at ——, 94 S.Ct. at 1112.

Justice Stewart emphasizes one factor which is important to this case. The attempted impeachment here was of general credibility by proof of prior "convictions."[3] The probative value of this type of evidence is considerably less than that

---

1. Cr.R. 26(f) provides in part:
   (1) *General Rule.* For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissable but only if the crime involved dishonesty or false statement. (2) *Time Limit.* Evidence of a conviction under this rule is inadmissable if a period of more than 5 years has elapsed since the date of the conviction of the witness.
2. Alaska R. Child. P. 23 provides:
   No adjudication, order, or disposition of a juvenile case shall be admissible in a court not acting in the exercise of juvenile jurisdiction except for use in a presentencing procedure in a criminal case where the su-

perior court, in its discretion, determines that such use is appropriate.
   *See also* AS 47.10.080(g), at n. 4 *infra.*
3. The *Davis* opinion makes no mention of the fact that AS 47.10.080(g) provides in part that a juvenile offender may not be considered a criminal by reason of the adjudication, nor may the adjudication be afterward deemed a conviction:
   No [juvenile] adjudication . . . may operate to impose any of the civil disabilities ordinarily imposed by conviction upon a criminal charge, nor may a minor afterward be considered a criminal by the adjudication, nor may the adjudication be afterward deemed a conviction . . . . The com-

which suggests false or distorted testimony because of bias. The need to confront a witness with such evidence is correspondingly less.

In addition, there is another factor in this case which was not referred to in *Davis*. Old convictions are of relatively little value in assessing a witness' credibility at trial. Indeed, the federal rules of evidence which were recently proposed by the United States Supreme Court for use in federal courts prohibit the impeachment for general credibility by convictions which are too old to be genuinely probative.[4]

It is apparent then that juvenile adjudications which are stale by Alaska's standards,[5] and directed solely at general credibility rather than bias, are generally not sufficiently probative to create a genuine conflict with the defendant's right of confrontation. When one considers these factors, together with the cumulative character of the proffered impeachment evidence (the stale adjudications were for forgery or related offenses; Doyle had already admitted multiple recent forgeries) we have no hesitation in holding that the trial court did not abuse its discretion in refusing defendant's offer of proof, and the judgment is therefore affirmed.

■ In our review of the record, however, we note that the sentencing judge relied on the mandatory sentence provision of AS 17.10.200.[6] We therefore remand this case to the superior court for reconsideration in light of our decision in Speas

mitment and placement of a child and evidence given in the court are not admissible as evidence against the minor in a subsequent case or proceedings in any other court
. . . .
The conflict between this statute and the Supreme Court's decision in *Davis* is only superficial, however, as the constitutional requirement of disclosure in the *Davis* facts is created not by the juvenile adjudication itself but by the probationary status of the juvenile at the time of Davis' trial, with its potential for motivating false testimony.

In this case the witness was not on juvenile probation, and it cannot be seriously argued that the fact of previous juvenile convictions, standing alone, provides any inference of potential bias. The witness' potential bias here arose out of the offenses which he had recently committed, and the impact of these offenses on his testimony was extensively explored by both the state and defense counsel.

4. Proposed Federal Rule of Evidence § 609 provides in part:
(a) *General rule.* For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissible but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted or (2) involved dishonesty or false statement regardless of the punishment.
(b) *Time limit.* Evidence of a conviction under this rule is not admissible if a period of more than 10 years has elapsed since the date of the release of the witness from confinement imposed for his most recent conviction, or the expiration of the period of his parole, probation, or sentence granted

or imposed with respect to his most recent conviction, whichever is the later date.
5. We assume that the ten year limitation of the proposed Federal Rules of Evidence, *supra* n. 4, is not of constitutional import and that Alaska's five year limitation is constitutionally valid. In particular cases, of course, the trial courts may see fit to relax the prohibition where the accused's right of confrontation so requires.
6. AS 17.10.200 provides in part:
(a) A person who violates any provision of this chapter except a provision relating to the keeping of records, upon conviction, is punishable by a fine of not more than $5,000 and by imprisonment for not less than two nor more than 10 years. For a second offense, or for a first offense where the offender has previously been convicted of a violation of the laws of the United States or of any other state, territory or district relating to narcotic drugs, the offender is punishable by a fine of not more than $7,500 and by imprisonment for not less than 10 nor more than 20 years. For a third or subsequent offense, or if the offender has previously been convicted two or more times of a violation of the laws of the United States or of any other state, territory or district relating to narcotic drugs, the offender is punishable by a fine of not more than $10,000 and by imprisonment for not less than 20 nor more than 40 years.

. . . . . . .
(d) The imposition or execution of sentence shall not be suspended and probation or parole shall not be granted until the minimum imprisonment provided in this section for the offense is served.

v. State, 511 P.2d 130 (Alaska 1973), wherein we held that the minimum sentence provision of AS 17.10.200 has been impliedly repealed by the legislature.

Remanded for resentencing.

CONNOR, J., not participating.