**Michael CATLETT, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 3286.**

Supreme Court of Alaska.

Sept. 15, 1978.

F. P. Pettyjohn, Pettyjohn & Pestinger, Anchorage, for appellant.

David Shimek, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

## OPINION

PER CURIAM.

Upon completion of its deliberations, a jury returned a guilty verdict against Michael Catlett on two counts of grand larceny and removal of parts of an aircraft. Catlett was then remanded to custody by the superior court. In this regard, the record shows the following:

> THE COURT: I'm going to set sentencing for November 25 and ask for a full presentence report. The defendant will remain in custody of the bailiff until the

bailiff can obtain the officer to remand him to custody. I've now signed the order remanding custody.

By telephone, the bailiff attempted to reach a state trooper to transfer Catlett to jail. While the bailiff was on the telephone, Catlett asked to go to the bathroom. The bailiff told him where it was and asked another man, a Mr. Biery, to accompany Catlett to the restroom. Catlett left the restroom without being observed by Biery and departed from the courthouse in a pick-up truck.

The next day Judge Kalamarides conducted a hearing concerning Catlett's escape. During the proceedings, the following exchange took place:

THE COURT: Okay. Thank you. Well, it appears that a felony complaint for escape is in order. Mr. Branchflower, your intake officer, will he be available immediately to take and discuss the matter with Mr. Biery and Mr. Ottinger?

MR. BRANCHFLOWER: I've already advised Mr. Balfe of just the essence of what happened and I'll return back.

THE COURT: Well, I think a complaint and then a subsequent presentation to the grand jury is in order for escape.

MR. BRANCHFLOWER: All right. Well, I'll discuss that with Mr. Balfe.

THE COURT: Well, you'd better take Mr. Biery and Mr. Ottinger with you now and get this thing—proceedings moving on it.

MR. BRANCHFLOWER: Very well, Your Honor.

Catlett was subsequently indicted and convicted, after a trial to the court, of felony escape in violation of AS 11.30.090.[1] He was sentenced to serve 18 months, consecutive to the 15 months he received upon his convictions of grand larceny and removal of parts of an aircraft.[2] This appeal followed.

■ Two issues are raised on appeal. Catlett first argues that the proof of the escape presented at trial did not conform to the charges contained in the indictment. The argument stems from the question of whether there was an oral or written remand of custody to the bailiff. Evidence of both the oral remand and the written remand was presented to the grand jury. From the record it is clear that no evidence was adduced at trial that had not been before the grand jury. There was no variance from or amendment of the indictment. The oral remand to the custody of the bailiff was made pursuant to the court's written remand of custody to the Commissioner of Health and Social Services.[3] Thus, the

---

1. At the time of the offense, AS 11.30.090 provided:

> A person who escapes or attempts to escape from the custody of a peace officer under a lawful arrest or from a jail or institution in which he is detained by a peace officer or confined by direction of a court in this state or from custody under process issue by a court in this state is punishable,
>
> (1) if the custody or confinement is by an arrest on a charge of a felony, or conviction of a felony, by a fine of not more than $5,000, or by imprisonment for not less than one year nor more than three years, or by both;

. . . .

This section was amended in 1976 to read:
> (a) A person commits an escape if without lawful authority he
> (1) wilfully removes himself from official detention; or
> (2) commits an unlawful evasion under § 93 of this chapter and leaves or attempts to leave the state.

> (b) An offense charged under (a) of this section is punishable as an escape in the first degree if
> (1) the official detention is on a charge of a felony;
> (2) the official detention is for extradition; or
> (3) the person, during the escape or at any time before his being restored to official detention, has in his possession a deadly weapon.

> (c) An attempt to escape under (a)(1) of this section which under (b)(1), (2) or (3) of this section is an escape in the first degree is punishable as an escape in the second degree.
> (d) Any other escape or attempted escape is punishable as an escape in the third degree.

2. Catlett has not taken an appeal from the sentence which was imposed.

3. The indictment stated:
> Michael Catlett did escape from custody being pursuant to a remand order signed by

proof presented at trial conformed to the charges in the indictment.[4]

The second issue raised on appeal is whether Judge Kalamarides' comments during the hearing on Catlett's escape unlawfully interfered with prosecutorial discretion.[5] Our review of the record satisfies us that they did not.[6]

AFFIRMED.

the Honorable Peter J. Kalamarides, Judge of the Superior Court, said order dated October 30, 1975.

4. We think it appropriate to mention here what we noted in *Christian v. State*, 513 P.2d 664, 667 (Alaska 1973): "[U]nder modern principles of criminal procedure an indictment should not be construed hypertechnically in an effort to find fatal flaws when, by a reasonable approach, it can be read as fulfilling the basic criteria of sufficiency." *See also Thomas v. State*, 522 P.2d 528 (Alaska 1974); Alaska R.Crim.Proc. 7(c); 1 C. Wright, Federal Practice and Procedure: Criminal § 125, at 236 (1969).

5. "A well established principle of law is that the court may not combine prosecutorial and judicial functions." *Public Defender Agency v. Superior Ct., Third Jud. Dist.*, 534 P.2d 947, 951 (Alaska 1975); *See State v. Browder*, 486 P.2d 925, 939 (Alaska 1971).

6. Catlett presents three additional arguments which are likewise without merit. He argues that he was not in the lawful custody of the bailiff, since the Department of Public Safety is charged with transporting prisoners. AS 22.-10.050 gives the superior court all power necessary to carry out its orders. This power includes giving custody of a prisoner to a bailiff.

Catlett next argues that it was unlawful for the bailiff to transfer custody to Biery, who followed Catlett into the restroom. A prisoner need not be in full physical view to be "in custody."

Catlett finally argues that he cannot be convicted of escape when the escape was from a courthouse, not a prison or jail. As Catlett's escape was from lawful custody under process issued by the court, this argument is irrelevant.