STATE of Minnesota, Respondent,

v.

Richard A. JOBE, Appellant.

No. CX–84–1195.

Court of Appeals of Minnesota.

Jan. 22, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Henry Wieland, Bloomington, for respondent.

William J. Hanley, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## SUMMARY OPINION

CRIPPEN, Judge.

### FACTS

Following a court trial, appellant was convicted for going through a red traffic signal. Minn.Stat. § 169.06, subd. 5(c), (d) (1982). During rush hour on May 9, 1984, a Bloomington police officer was monitoring the entrance ramp leading onto southbound Interstate 35W from 98th Street. The ramp was regulated by traffic lights set up in alternating patterns between two ramp lanes and timed so that only one car proceeded on a green light. The officer was positioned about halfway down the entrance ramp and noted the lights were timed such that when a vehicle passed him down the ramp, the next vehicle at the top of the ramp would then proceed.

Based on the officer's observations of the timing pattern of the lights, he testified that a pickup truck had entered the ramp properly through a green signal, and appellant had then gone through a red signal. According to the officer's testimony the truck started down the ramp and appellant's car started moving immediately behind the truck. Appellant was stopped and issued a citation for going through the red light. He was found guilty of the offense and fined $30.

### DECISION

Appellant's theory at trial and on appeal is that the truck in front of him stalled, that the truck went through a red light, and that he went through a green light. However, appellant's version was contradicted by the officer's testimony that there was an uninterrupted normal flow of traffic down the ramp, indicating that the truck in front of appellant had not stalled.

We must ask whether the fact finder has given "due regard to the presumption of innocence and to the state's burden of prov-

ing the defendant's guilt beyond a reasonable doubt." *State v. Merrill*, 274 N.W.2d 99, 111 (Minn.1978). If it could be done reasonably, however, we must assume that the trier of fact disbelieved testimony of the appellant. *State v. Wahlberg*, 296 N.W.2d 408, 411 (Minn.1980). We must view the evidence in the light most favorable to the state. *Id.* We conclude the trial court reasonably disbelieved appellant and that the state's evidence could reasonably lead to a traffic signal conviction.

Affirmed.