*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0334**

State of Minnesota,
Respondent,

vs.

George Edward Wilson,
Appellant.

**Filed December 21, 2015
Affirmed
Reyes, Judge**

Hennepin County District Court
File No. 27CR1413387

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Susan L. Segal, Minneapolis City Attorney, Heather Robertson, Assistant City Attorney, Minneapolis, Minnesota (for respondent)

Mary F. Moriarty, Chief Hennepin County Public Defender, Paul J. Maravigli, Assistant Public Defender, Minneapolis, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Hooten, Judge; and Kirk, Judge.

# UNPUBLISHED OPINION

**REYES**, Judge

Appellant argues that the district court erred by denying his motion to suppress evidence obtained as the result of an illegal traffic stop. We affirm.

## FACTS

On May 9, 2014 at 11:54 p.m., Officer Jeffery Beck was on patrol in Minneapolis. The officer was traveling northbound on Second Avenue and stopped at a red light at the intersection of 35th Street and Second Avenue. As the light controlling northbound traffic on Second Avenue and facing the officer turned green, he began to enter the intersection and observed a vehicle driven by appellant George Edward Wilson traveling westbound on 35th Street.

The officer observed appellant's vehicle begin to slow for the intersection, fail to stop at what he presumed was a red light because his light was green, and proceed to make a right turn onto Second Avenue. The officer had to let off the gas to avoid colliding with appellant's vehicle. He acknowledged that he was not able to see the color of the traffic light controlling westbound traffic on 35th Street and facing appellant. Appellant's alleged failure to stop at the red light at the intersection of 35th Street and Second Avenue was the sole basis for the stop of appellant's vehicle.

Appellant testified at a contested omnibus hearing that the light controlling westbound traffic on 35th Street and facing him was green when he turned right from 35th Street to head north on Second Avenue. Appellant stated that the light turned yellow as he was turning. Appellant also testified that he saw the officer's squad car stopped at the intersection. But the officer was on patrol that night in an unmarked squad car. The unmarked car had no light bar on the top, push bumper on the front, grill light on the outside, or police markings on the exterior of the vehicle.

When asked by the prosecutor whether he had been drinking the night of the incident, appellant stated, "Earlier that evening I think I had a drink." However,

2

appellant also stated that he did not believe the alcohol he consumed affected his ability to drive. As a result of the traffic stop, appellant was asked to submit to a breath test. The results of the test showed that appellant had an alcohol concentration of 0.12.

At the conclusion of the contested omnibus hearing, the district court found that "the uncontroverted evidence in the case is that the defendant did not stop" at the intersection. The court further stated that "the officer testified credibly that his light was green." Therefore, based on those two findings, the court found that appellant "ran a red light," which the court determined was a "clear traffic violation." As a result, the court denied appellant's motion to suppress.

Appellant waived his right to a trial by jury, and the parties submitted the case for a stipulated-facts trial under Minn. R. Crim. P. 26.01, subd. 3. Based on the evidence before it, the district court found defendant guilty of two counts of fourth-degree driving while impaired. The district court sentenced appellant to 90 days at the Hennepin County Correctional Facility but stayed execution of appellant's sentence for two years and ordered him to serve 30 days on electronic home monitoring. This appeal followed.

**D E C I S I O N**

I. **The district court's factual finding that appellant failed to stop at a red light was not clearly erroneous.**

Appellant argues that the district court erred by denying his motion to suppress evidence obtained as the result of an illegal traffic stop. Specifically, appellant asserts that he had a yellow light when he entered the intersection of 35th Street and Second Avenue. Appellant claims that the district court erroneously concluded that

because the officer "proceeded on a green light" appellant's light was necessarily red when he entered the intersection, and the officer had sufficient justification to stop appellant. Because appellant asserts that his light was green, he contends that there was no traffic violation justifying the stop of his vehicle. We disagree.

"When reviewing a district court's pretrial order on a motion to suppress evidence, 'we review the district court's factual findings under a clearly erroneous standard and the district court's legal determinations de novo.'" *State v. Gauster*, 752 N.W.2d 496, 502 (Minn. 2008) (quoting *State v. Jordan*, 742 N.W.2d 149, 152 (Minn. 2007)). "A [district] court's finding is erroneous if this court, after reviewing the record, reaches the firm conviction that a mistake was made." *State v. Kvam*, 336 N.W.2d 525, 529 (Minn. 1983). In addition, "determinations of credibility of witnesses at the omnibus hearing are left to the [district] court, and those determinations will not be overturned unless clearly erroneous." *State v. Smith*, 448 N.W.2d 550, 555 (Minn. App. 1989) (citing *State v. Randa*, 342 N.W.2d 341, 343 (Minn. 1984)), *review denied* (Minn. Dec. 29, 1989).

The standard of review in this case is controlling. Appellant's contentions regarding when he entered the intersection and whether he had a yellow light are factual disputes. While appellant's testimony supports his version of events, the officer's contradictory account as to what occurred on May 9, 2014, supports the district court's findings. "Because the weight and believability of witness testimony is an issue for the district court, we defer to that court's credibility determinations." *State v. Miller*, 659 N.W.2d 275, 279 (Minn. App. 2003), *review denied* (Minn. July 15, 2003). Therefore,

4

because there are facts in the record to support the district court's findings, we cannot say that "the district court unequivocally erred." *Id.*

The Minnesota Supreme Court addressed a similar factual situation in *State v. Smith*, 276 Minn. 565, 565, 150 N.W.2d 868, 868 (1967). The defendant in *Smith* testified that, when he was in the middle of an intersection executing a left turn, the traffic light facing him changed from green to yellow. *Id.* The officer who issued the traffic ticket testified that "'after the light turned green for [him,] approximately three to four seconds after the change,' defendant entered the intersection and made a left turn." *Id.* (quoting the officer's testimony). The district court found the defendant guilty, concluding that the light changed to red before the defendant entered the intersection. *Id.* at 565, 150 N.W.2d at 868-69. On appeal, the supreme court affirmed, stating, "Upon the record the court could have decided the fact question either way. . . . The rule governing appellate review of fact issues compels affirmance." *Id.* at 869-70; *see also State v. Jobe*, 361 N.W.2d 168 (Minn. App. 1985) (affirming conviction for going through a red traffic signal even though the officer did not directly observe defendant's traffic signal and evidence supporting the conviction was therefore circumstantial). The only factual distinction between this case and *Smith* is that, in the instant case, the officer did not explicitly state for how many seconds the traffic light facing him had been green before he observed appellant proceed through the intersection.

The cases appellant cites in support of his position are inapposite. *State v. Anderson*, 683 N.W.2d 818, 824 (Minn. 2004) (holding "that an officer's mistaken interpretation of a statute may not form the particularized and objective basis for

5

suspecting criminal activity necessary to justify a traffic stop"); *State v. George*, 557 N.W.2d 575 (Minn. 1997) (vacating conviction because the stop was premised on officer's undisputedly mistaken belief that a traffic law was violated); *Sarber v. Comm'r of Pub. Safety*, 819 N.W.2d 465, 472 (Minn. App. 2012) (discussing the absence of support in record for one element of the underlying traffic violation); *Pullen v. Comm'r of Pub. Safety*, 412 N.W.2d 780, 782 (Minn. App. 1987) (reversing because the district court's conclusion was not supported by either party's version of events). Because the district court's factual findings are not clearly erroneous, we affirm.

**Affirmed.**