STATE of Minnesota, Respondent,

v.

Charles B. RANDA, Appellant
(CX–82–1063),

Bradley Anderson, Appellant
(C1–82–1064).

Nos. CX–82–1063, C1–82–1064.

Supreme Court of Minnesota.

Jan. 13, 1984.

Jeffrey R. Besikof, West St. Paul, for appellants Randa and Anderson.

1. Mr. Anderson was found guilty by a district court jury, whereas Mr. Randa waived his right to a trial by jury and was tried before the court. The court placed both defendants on probation for 3 years, conditioning Anderson's probation on serving 45 days in jail and conditioning Randa's probation on serving 6 months in jail. The court stayed execution of the sentences pending appeal.

2. Under the *Aguilar* test the magistrate, in deciding whether to grant a search warrant application on the basis of hearsay information, had to look at the underlying circumstances to determine independently the informant's veracity and the basis of the informant's knowledge. Specifically, the magistrate had to determine if the informant was generally credible or at least if he was telling the truth this time around and also had to determine if the informant obtained his information in a reliable way. *See Aguilar v. Texas,* 378 U.S. 108, 114–115, 84 S.Ct. 1509,

Hubert H. Humphrey, III, Atty. Gen., Norman B. Coleman, Jr., Jerry Anderson, Sp. Asst. Attys. Gen., St. Paul, John P. Dimich, Itasca County Atty., Grand Rapids, for respondent.

SCOTT, Justice.

We have consolidated these two separate criminal appeals for the purpose of decision. Both defendants were convicted of possessing marijuana.[1] The issues raised in both appeals relate to the validity of warranted searches based on the same affidavit. We affirm both convictions.

1. Both defendants raise first the issue of the facial validity of the affidavit filed in support of the search warrant applications. We believe that it would serve no useful purpose to summarize the contents of the affidavit. The affidavit was sufficient to satisfy even the more rigid two-pronged *Aguilar* test, which the United States Supreme Court recently abandoned in *Illinois v. Gates,* —— U.S. ——, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *cf. Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).[2] The information con-

1513, 12 L.Ed.2d 723 (1964). In the *Gates* case the court abandoned the *Aguilar* test as a rigid test that must be satisfied in order to establish probable cause on the basis of hearsay information. In its place the court substituted what it termed the more "flexible, easily applied" totality-of-the-circumstances analysis that has traditionally informed probable cause determinations in other contexts. *See Illinois v. Gates,* —— U.S. ——, 103 S.Ct. 2317, 2328–2329, 76 L.Ed.2d 527 (1983). The court indicated that in applying this standard, the magistrate's task is "simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." The court also stated that the duty of a reviewing court is simply to insure that the magistrate had a "sub-

cerning the primary informant's "track record" of reliability as an informant was sufficient to satisfy the veracity prong of the *Aguilar* test, and the fact that he obtained his information by buying marijuana and through personal observation satisfied the basis-of-knowledge prong. There was also other information in the affidavit that corroborated the information provided by the informant. There is no merit in the related contention that the information in the affidavit was too stale to establish probable cause to search.

▆ 2. Appellants also contend that there were false statements in the affidavit that the district court was required to set aside in deciding whether the affidavit established probable cause to search. In *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)—which we anticipated in *State v. Causey*, 257 N.W.2d 288 (Minn.1977)—the United States Supreme Court held that if it is established that the affiant deliberately falsified or recklessly disregarded the truth in his affidavit, then the trial court should set aside the false statements or supply the omissions and decide whether the affidavit still established probable cause. *Franks v. Delaware*, 438 U.S. at 171–172, 98 S.Ct. at 2684–2685. We applied *Franks* recently in *State v. Doyle*, 336 N.W.2d 247 (Minn. 1983), upholding the suppression of evidence on the ground of reckless omission of material information and reckless misrepresentation of other material information. *State v. Doyle*, 336 N.W.2d at 252. This case is easily distinguishable because here the district court concluded that the affiant was more believable in his testimony at the omnibus hearing than the witnesses relied upon by the defendants and that he did not falsify or recklessly disregard the truth in his affidavit. The district court's findings not being clearly erroneous, it follows that the court's refusal to suppress evidence on this ground was not error.

▆ 3. Mr. Anderson contends in his brief that the officers came upon informa-

stantial basis" for determining that probable

tion in the course of executing the search warrant that would have led reasonable officers to conclude that the information in the affidavit was materially inaccurate, and that at that point they should have stopped their search. He bases this argument on the fact that the affidavit indicated that defendant had a "horse barn" when this was not true. The flaw in this argument is that it ignores the fact that the record made at the omnibus hearing established that defendant has an out building and that that was apparently the building that the informant referred to as a horse barn. The fact that the informant's name for the building differed from Anderson's name for the building should not make a difference.

▆ 4. Mr. Randa contends that the search of the barn on his property was improper in view of the fact that the warrant did not specifically authorize a search of the barn. The affidavit sought a warrant to search both Randa's house and any out buildings but the warrant that was issued only authorized a search of the "premises" described as follows: "Charles Randa residence having a legal description of N.W. of the S.E. Sec. 15, T. 148, R. 27, being a white two-storied house with green trim & yellow shutters, the residence having Squaw Lake Fire Department # M–320." The officers executing the warrant searched both the house and the barn. Marijuana was found in both places.

The state agrees that the barn was part of the curtilage and that Randa had a reasonable expectation of privacy in it. But the state argues that officers executing a warrant to search described "premises" generally may search out buildings on the premises. The state also argues that the admission of the evidence, if it was error, was harmless error because the officers also found marijuana in the house sufficient to justify defendant's conviction.

A number of courts have held that if the warrant uses the word "premises" as the warrant in this case did, then it is generally

cause existed. *Id.* 103 S.Ct. at 2332–2333.

permissible to search out buildings within the curtilage, provided that there is probable cause to search those buildings. These cases are collected at 2 W. LaFave, Search and Seizure § 4.10(a) (1978). We do not decide the point, because the officers also found marijuana in the house. Any error in admission of the marijuana found in the barn would therefore appear to be harmless.

Affirmed.