STATE of Minnesota, Respondent,

v.

Timothy Scott SMITH, Appellant.

No. C1–89–553.

Court of Appeals of Minnesota.

Dec. 5, 1989.

Review Denied Dec. 29, 1989.

Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Sp. Asst. Atty. Gen., St. Paul, Hugh Cameron, Itasca County Atty., Grand Rapids, for respondent.

Timothy Scott Smith, Stillwater, pro se.

C. Paul Jones, State Public Defender, Mark F. Anderson, Asst. State Public Defender, University of Minnesota, Minneapolis, for appellant.

Heard, considered and decided by PARKER, P.J., and CRIPPEN and SHORT, JJ.

## OPINION

SHORT, Judge.

Timothy Scott Smith appeals from a jury verdict finding him guilty of possession of cocaine with intent to distribute and failure to affix tax stamps pursuant to Minn.Stat. § 297D.09 (1988). We affirm.

## FACTS

Shortly after midnight on September 29, 1988, Itasca County Deputy Sheriffs Patrick Medure and Harold Sande interviewed an inmate, Anita Krueth, at the Cass County jail. Deputy Medure then prepared a search warrant and affidavit in which he reported that Krueth had told him that she had (a) received and taken various drugs, including cocaine, many times in recent months at a residence in Grand Rapids belonging to Kim Morgan; (b) seen appellant and others use drugs at the residence; (c) learned from Morgan that appellant brought drugs, including cocaine, to Morgan, and Morgan sold the drugs; and (d) referred people to Morgan to buy drugs.

Deputy Medure independently discovered that Krueth had called the Morgan residence from the jail, and that appellant and other suspects had a record of drug convictions. Deputy Medure also recited information in the affidavit which he obtained from two confidential informants. The first informant said Morgan sold cocaine from her residence, and that appellant brings cocaine to Grand Rapids for Morgan to distribute. The informant also said appellant would be arriving shortly at the

Morgan residence with more drugs. The second informant said he or she had seen cocaine at the Morgan residence within the previous 72 hours, and that Morgan sells cocaine. The affidavit included information suggesting both informants were reliable.

Based upon that affidavit, the magistrate issued a search warrant. The police observed the Morgan residence for twelve hours before they saw appellant drive up and enter the residence. The police then executed the search warrant. While searching appellant, the police discovered a large amount of cocaine stuffed in his underpants. The police searched the car appellant was driving. The trunk contained a duffel bag containing a scale, razor blades, nicotinamide (a legally available powder used to dilute cocaine), and some clothing. Appellant was charged at trial with possession of cocaine with the intent to distribute, Minn.Stat. § 152.09, subd. 1(1) (1988), possession of cocaine, Minn.Stat. § 152.09, subd. 1(2) (1988), and failure to affix state tax stamps, Minn.Stat. § 297D.09, subd. 1a (1988).

At the omnibus hearing, the defense called Anita Krueth to testify that she did not tell Deputy Medure the things reported in the search warrant affidavit. Upon being warned by the trial court of the penalty for perjury and after consulting a public defender, Krueth refused to testify further, and the trial court struck the testimony she had already given. Appellant's attorney, Larry Kimball, then disqualified himself from further representation of appellant, and the omnibus hearing was continued until another attorney could be located.

When the omnibus hearing resumed the following week, attorney Kimball testified as a defense witness as to a conversation he had with Krueth the morning after the deputies had interviewed her at the jail. Kimball testified that Krueth had denied making the statements listed above and had claimed the police coerced her into talking with them. She had told Kimball that the deputies offered her money and cigarettes to cooperate, and that the depu-

ties threatened to take away her child and to cause trouble for her husband.

After Kimball's testimony, Deputy Medure testified Krueth had made all the statements recorded in the search warrant. Medure testified Deputy Sande gave Krueth a cigarette because she asked for one. He denied threatening her children and husband, although he admitted Krueth could have "inferred" that her husband would not be charged if Krueth cooperated.

Deputy Sande testified he and Medure had used a "good guy-bad guy" interrogation technique that required Sande to leave the room occasionally. He testified that while he had been in the room he heard Krueth make six of the statements on the affidavit. Sande admitted telling Krueth that if she did not cooperate, her husband might be the one "caught with the bag."

The trial court found the deputies' testimony was more credible than Krueth's statements to Kimball. The trial court found Krueth made the statements recorded in the affidavit, and had done so of her own free will. The trial court also found that the police interrogation had been coercive, but the court ruled appellant had no standing to challenge the warrant on those grounds. The trial court concluded the search warrant was valid and, even without the statements of Krueth, the affidavit was sufficient to support a search warrant.

At trial, the contents of the duffel bag found in the trunk of the car were admitted contingent upon the introduction of evidence connecting it to appellant. Because the state failed to show any link between the duffel bag and appellant, the trial court later struck the evidence regarding the duffel bag and its contents. Defense counsel did not move for a mistrial at any point before the verdict.

In instructing the jury, the trial court stated, with respect to count I (possession of cocaine with intent to sell), that the state must prove intent to sell. The court also gave the standard instructions explaining intent. With respect to count III (failure to affix tax stamps), the court described the Minnesota tax stamp statute as follows:

In order to convict the defendant of the crime charged in Count 3, the State must prove the following essential elements beyond a reasonable doubt. First, defendant's act took place in Itasca County on or about September 30, 1988. Second, defendant acted as a cocaine dealer. *And a dealer means a person who possesses seven or more grams of cocaine.* The weight of the cocaine includes all material, compound, mixture or preparation that is added to it. Defendant—and the third element, defendant possessed the seven or more grams of cocaine without affixing appropriate stamps purchased from the Minnesota Department of Revenue.

(Emphasis added). The jury found appellant guilty of counts I and III, and the trial court imposed sentence.

### ISSUES

I. Did the trial court's instructions effectively shift the burden to appellant on the issue of intent to sell cocaine?

II. Was the search warrant void under *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)?

III. Was appellant denied a fair trial because of evidence introduced but stricken regarding drug paraphernalia found in the trunk of the car he was driving?

IV. Was appellant denied his right to represent himself and to have access to legal materials to prepare for trial?

### ANALYSIS

#### I.

Appellant argues the trial court shifted the burden of proof on the element of intent to distribute in count I (possession with intent to sell) by instructing the jury that a dealer for purposes of count III (failure to affix tax stamps) is a person in possession of seven or more grams of cocaine. Appellant's attorney did not object to the instructions at trial. Generally, a defendant who fails to object to jury instructions at trial waives any right to raise the issue on appeal. *State v. Malaski,* 330 N.W.2d 447, 451 (Minn.1983). If the alleged error in the jury instructions concerns fundamental law or a controlling principle, however, the issue may be raised on appeal. *Id.;* Minn.R.Crim.P. 26.03, subd. 18(3).

■ Appellant argues the instruction shifted the burden of proof on the issue of intent and that the burden of proof is a fundamental principle of law. We agree a jury instruction on burden of proof concerns a fundamental principle of law, and may be raised on appeal regardless of whether an objection was made at trial. *See State v. Williams,* 324 N.W.2d 154, 160 (Minn.1982) (where intent is element of an offense, trial court may not prejudge the issue by a jury instruction). However, we do not agree that the challenged jury instruction shifted the burden of proof.

■ We must view the instructions in their entirety. *Williams,* 324 N.W.2d at 159. In instructing the jury, the trial court instructed the jury that appellant was presumed to be innocent. The court said the burden was on the state to prove beyond a reasonable doubt each element of the crimes charged. The court then instructed the jury as to the elements of count I, possession of cocaine with intent to sell. The fourth element of the crime was that "defendant had the intention of selling, delivering, giving away, bartering or distributing the cocaine." The trial court explained that "intentionally" means "a purpose to do the thing or to cause the result specified," and that intent exists in a person's mind, but may be inferred from the person's conduct. At the end of the instructions on count I, the court again told the jury it could not convict unless it found each of the elements of the crime had been proven beyond a reasonable doubt. The court then explained that if the jury found each element proved except the element of intent to sell, it could find appellant guilty of count II, possession of cocaine. Then the court instructed the jury as to count III, failure to affix tax stamps.

In explaining the tax stamp statute, the court explained that in order to convict with respect to count III, the state must

prove beyond a reasonable doubt each element of the crime. The second element was that appellant acted as a cocaine dealer. The court explained that under the tax stamp statute, a dealer is a person who possesses seven or more grams of cocaine.

Appellant does not argue that any of the instructions were legally incorrect. Rather, appellant suggests the jury could have found appellant was a dealer under count III merely because he possessed seven or more grams of cocaine, but then erroneously applied this finding to count I to conclude appellant intended to sell the cocaine. We disagree. The trial court clearly instructed the jury as to each count and as to each element of the offense. The court correctly instructed the jury on the burden of proof and on the element of intent with respect to count I. The challenged instruction, that a person who possesses seven or more grams of cocaine is a dealer, came within the context of an explanation of the elements of count III.

Immediately before giving the challenged instruction, the trial court said twice it was explaining count III of the indictment. Immediately after, the court indicated five more times that it was explaining count III. Under these circumstances, no reasonable juror could have thought a "dealer" under count III was necessarily a person with intent to sell under count I. Although the trial court could have prevented all possible confusion with a precautionary instruction, we think no prejudice resulted in this case. See State v. Brouillette, 286 N.W.2d 702, 708–09 (Minn.1979) (where the trial court had correctly instructed the jury on the presumption of innocence, an unintentional misstatement implying the defendant had the burden of proving his innocence was not prejudicial). Viewing the instructions in their entirety, the jury instructions did not shift the burden of proof to appellant.

## II.

Appellant also argues the affidavit in support of the search warrant contained material omissions of fact, making it void under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Specifically, he argues (a) the circumstances surrounding the interrogation of Anita Krueth should have been included in the affidavit, and (b) the trial court should have held an in camera inquiry or ordered disclosure of the names of the confidential informants to determine whether the statements attributed to them were suspect. We disagree.

A. The search warrant contained no material omissions of fact.

■ A search warrant may be held void and the fruits of the search excluded from evidence, if it is demonstrated by a preponderance of the evidence that the affiant, knowingly or with reckless disregard for the truth, included a false statement in the affidavit. *Franks*, 438 U.S. at 155–56, 98 S.Ct. at 2676–77. If the material that is not false is sufficient to sustain the search warrant, however, the search warrant is not voided. *Id.* at 171–72, 98 S.Ct. at 2684–85.

The Minnesota Supreme Court has extended *Franks* to apply to material omissions from the affidavit. *State v. Doyle*, 336 N.W.2d 247, 252 (Minn.1983). The test is whether, after supplying the omissions, the affidavit established probable cause. *Id.*

■ In determining whether an affidavit establishes probable cause, great deference must be given to the determination of the issuing judge, but this deference is not boundless. *State v. Gabbert*, 411 N.W.2d 209, 212 (Minn.Ct.App.1987). Determinations of credibility of witnesses at the omnibus hearing are left to the trial court, and those determinations will not be overturned unless clearly erroneous. *State v. Randa*, 342 N.W.2d 341, 343 (Minn.1984). Whether a search warrant affidavit is sufficient to support a finding of probable cause is judged under a "totality of the circumstances" test. *Gabbert*, 411 N.W.2d at 212.

■ The police denied making threats against Krueth's children or offering her money and cigarettes for her cooperation,

and the trial court believed the police. We must defer to the trial court's credibility determinations, and thus do not consider these allegations as material omissions. In the instant case, the facts omitted from the affidavit were the following:

1. The statement that Ms. Krueth's husband may be caught with the drugs if she does not cooperate.
2. The time (after midnight) and place (in a room at a jail) of the interview.
3. The technique the police used (good guy, bad guy technique).

When those omissions are supplied, the affidavit still establishes probable cause. Even if Krueth's statements are deleted from the affidavit, the remaining information is sufficient to establish probable cause to issue a search warrant for the Morgan residence. The two confidential informants described appellant as supplying drugs to Morgan for sale and said appellant would be arriving shortly with more drugs. Under the totality of the circumstances, the trial court did not abuse its discretion in finding probable cause to issue the search warrant.

B. The trial court correctly denied an in camera hearing on the reliability of the confidential informants.

Appellant argues the trial court should have ordered an in camera hearing to determine whether the confidential informants made the statements attributed to them. Alternatively, appellant argues the trial court should have ordered disclosure of the identity of the informants.

■ Disclosure of an informant's identity to establish police perjury in obtaining a search warrant is permitted when the defendant has sufficiently challenged the veracity of the affidavit. *State v. Moore*, 438 N.W.2d 101, 106 (Minn.1989). The trial court must weigh a defendant's interest in a fair assessment of probable cause against the state's interest in protecting the informant. *Id.* A defendant has the burden of showing the need for disclosure. *Id.* For an in camera inquiry, a lesser showing is required; however, a defendant must make "a minimal showing of a basis for inquiry" that is "more than mere speculation." *Id.*

■ There was no prima facie showing of false statements in the affidavit. The trial court found Krueth had made all the statements attributed to her. The omissions relating to coercion, even if material, were not shown to be intentional or reckless. Further, the state has a strong interest in protecting the identity of informants in the drug world. Balanced against appellant's interest, which in this case seems minimal and speculative, the state's interest should prevail. *See State v. Lorenz*, 368 N.W.2d 284, 287 (Minn.1985) (trial court correctly refused to compel disclosure or hold in camera hearing); *State v. Lewis*, 270 N.W.2d 891, 895–96 (Minn.1978) (trial court correctly refused to order disclosure of informant where no showing was made of false statements in affidavit).

### III.

■ Appellant also argues the admission of the drug paraphernalia is grounds for a new trial. The items were found in a duffel bag in the trunk of the car appellant was driving. The trial court allowed the items into evidence contingent upon some evidence being introduced linking the items to appellant. The state was unable to produce the registered owner of the car or any other witness who could link appellant to the duffel bag. After the state rested, the trial court struck the evidence and gave a cautionary instruction to the jury. There was no objection or motion for a mistrial before verdict.

Evidence may be conditionally admitted subject to the introduction of evidence proving its relevance. Minn.R.Evid. 104(b). When based on a tactical decision, the failure to request a mistrial is a waiver of any right to one. *See State v. Yant*, 376 N.W.2d 487, 491 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Jan. 17, 1986). Here, appellant failed to move for a mistrial and thus waived any right to raise the issue on appeal.

## IV.

In his supplemental pro se brief, appellant argues he was denied his right (a) to represent himself, and (b) to have access to legal materials in preparation for his trial. We disagree.

A. Appellant was not denied his right to represent himself.

 A trial court should not accept a waiver of the right to counsel until it has inquired on the record whether the waiver is knowing and intelligent. *State v. Jones,* 266 N.W.2d 706, 711 (Minn.1978). The defendant's failure to object when the trial court appoints counsel waives the right to proceed pro se. *State v. Halverson,* 381 N.W.2d 40, 44 (Minn.Ct.App.1986), *pet. for rev. denied* (Minn. Mar.ᐧ 21, 1986).

 A search of the record reveals two instances where appellant indicated he wished to proceed pro se. At his first appearance and arraignment, the following discussion appears:

> The Court: Now, Mr. Smith, these are serious crimes. You mentioned the words pro se [the record reveals no prior mention of the words pro se] and you have every right as an American citizen to have your own input at all times, but because anything you say can be used against you, I'd sure recommend strongly that you be represented by Mr. Undem. He's an experienced, competent lawyer. What is your position now?
> The Defendant: I'd rather work with him.
> The Court: All right. I'm glad to hear that. That's the way you should do it.

Appellant never asked to proceed pro se at any other point before the verdict. At sentencing, when the trial court asked for appellant's views, he said:

> Your Honor, I don't know how to put it in the legal mumbo-jumbo. I don't feel that I got a fair trial. There's just—I don't know how to put these recommendations in, you know. I said in the beginning I'd like to go pro se.

Appellant then complained specifically about the introduction of the contents of the duffel bag. No further mention of his alleged desire to proceed pro se is in the record. Appellant clearly did not make an unequivocal request to proceed pro se, and he expressly approved the appointment of counsel. Under these circumstances, appellant's right to represent himself was not violated.

B. Appellant was not denied access to legal materials.

 Appellant has the burden of providing a record supporting his claims on appeal. *See State v. Eggert,* 358 N.W.2d 156, 163 (Minn.Ct.App.1984). There is absolutely no record support for his argument that he was denied access to legal materials. Appellant did not request standby counsel, he did not act as his own attorney, and he never expressed a desire for legal materials. Under these circumstances, appellant's access to the courts was satisfied by the appointment of counsel for him. *See Halverson,* 381 N.W.2d at 44.

## DECISION

The jury instructions did not shift the burden of proof to appellant. The search warrant was not void under *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Appellant received a fair trial and was not denied access to the courts.

Affirmed.