*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0560**

State of Minnesota,
Respondent,

vs.

Scott Andrew Syversrud,
Appellant.

**Filed January 25, 2016
Affirmed
Hooten, Judge**

St. Louis County District Court
File No. 69VI-CR-13-1516

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark S. Rubin, St. Louis County Attorney, Leah A. Stauber, Assistant County Attorney, Virginia, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Julie Loftus Nelson, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Hooten, Presiding Judge; Ross, Judge; and Chutich, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HOOTEN**, Judge

Appellant challenges his conviction of second-degree driving while impaired (DWI), arguing that the district court erred by denying his motion to suppress evidence

obtained as the result of a stop of his vehicle because the stop was not justified by reasonable, articulable suspicion of a violation of law.  We affirm.

**FACTS**

Just after midnight on August 31, 2013, Officer Brent Chosa, a federal police officer with the Bureau of Indian Affairs (BIA), was on patrol when he passed a vehicle traveling in the opposite direction.  Officer Chosa glanced in his rear-view mirror and observed that the vehicle appeared to have a cracked taillight on the passenger side with a hole approximately two inches in diameter that was emitting a white light.  After turning his squad car around to follow the vehicle, Officer Chosa confirmed that the taillight was broken and initiated a stop of the vehicle.  The sole basis for the stop was the broken taillight.  *See* Minn. Stat. § 169.50, subd. 1 (2012) (requiring that motor vehicles be equipped with at least two tail lamps that emit red light).

When Officer Chosa made contact with the driver, appellant Scott Andrew Syversrud, he detected the smell of alcohol coming from inside the vehicle and noticed that Syversrud's voice was "very shaky."  When asked if he had consumed alcohol, Syversrud admitted to having consumed two beers earlier in the evening.  Syversrud consented to a preliminary breath test, which he failed.

Because Officer Chosa was a federal officer with the BIA and Syversrud was not a member of a federally recognized tribe, Officer Chosa requested assistance from Police Chief Jesse Anderson of the Breitung Police Department.  When Chief Anderson arrived on the scene, he observed the broken passenger taillight and administered a second preliminary breath test to Syversrud, which he failed.  Syversrud was arrested for driving

2

while impaired and was transported to the Virginia Sheriff's Office. After being read the implied consent advisory, Syversrud consented to a breath test, which reported an alcohol concentration of .11. Syversrud, who had two or more qualified prior impaired driving incidents within the previous ten years, was arrested and charged with one count of second-degree DWI.

At a contested omnibus hearing, Syversrud challenged the stop of his vehicle. He testified that the passenger taillight on his vehicle, though cracked, emitted only red light and therefore there was no basis for the traffic stop. He stated that he had purchased the vehicle a few days prior to the incident and had been informed by the seller that the passenger taillight was broken, but still functioning. Syversrud testified that he inspected the taillight himself and saw that it was equipped with an LED panel of red lights that emitted red light, not white light, even though the taillight had a hole in it.

The district court denied Syversrud's motion to suppress evidence obtained as a result of the traffic stop. The district court had received into evidence a squad car video of the incident and photographs of the taillights, but the district court was unable to conclusively determine from either of these exhibits whether the light from the taillight was white or red. However, the district court found that Officer Chosa's testimony regarding the color of the taillight was credible and concluded that the officer's observation of the equipment violation justified the traffic stop.

Pursuant to Minn. R. Crim. P. 26.01, subd. 4, Syversrud waived his right to trial and stipulated to the state's case in order to obtain review of the district court's pretrial ruling. The district court found Syversrud guilty of second-degree DWI, and this appeal followed.

3

**DECISION**

The Fourth Amendment of the United States Constitution and Article 1, Section 10, of the Minnesota Constitution guarantee individuals the right to be free from unreasonable searches and seizures. A police officer may, however, initiate a limited investigatory stop without a warrant if the officer has reasonable, articulable suspicion of criminal activity. *Terry v. Ohio*, 392 U.S. 1, 20–22, 88 S. Ct. 1868, 1879–80 (1968). An officer's observation of a violation of any traffic law, "however insignificant," provides the officer with an objective basis for conducting a stop. *State v. George*, 557 N.W.2d 575, 578 (Minn. 1997).

"When reviewing a district court's pretrial order on a motion to suppress evidence, we review the district court's factual findings under a clearly erroneous standard and the district court's legal determinations de novo." *State v. Gauster*, 752 N.W.2d 496, 502 (Minn. 2008) (quotation omitted). "Findings of fact are clearly erroneous if, on the entire evidence, we are left with the definite and firm conviction that a mistake occurred." *State v. Diede*, 795 N.W.2d 836, 846–47 (Minn. 2011). "Determinations of credibility of witnesses at the omnibus hearing are left to the trial court, and those determinations will not be overturned unless clearly erroneous." *State v. Smith*, 448 N.W.2d 550, 555 (Minn. App. 1989), *review denied* (Minn. Dec. 29, 1989).

Syversrud argues that the district court erred in concluding that Officer Chosa had a legitimate basis for stopping his vehicle because the damage to the taillight did not affect the proper function of the light and did not otherwise violate the law. Under Minnesota law:

4

(a) Every motor vehicle . . . must be equipped with at least one tail lamp, exhibiting a red light plainly visible from a distance of 500 feet to the rear.

(b) Every motor vehicle . . . must be equipped with at least two tail lamps mounted on the rear and on the same level and as widely spaced laterally as practicable. When lighted, the tail lamps must comply with the provisions of this section.

Minn. Stat. § 169.50, subd. 1. Syversrud claims that, although the taillight cover on the passenger taillight was damaged, the bulbs within were colored LED lights that emitted a red light without the need of an intact taillight cover and that, therefore, there was no objective basis for the stop and the evidence obtained thereafter must be suppressed.

The district court did not err in denying Syversrud's motion to suppress. Photographs submitted at the hearing of the broken, unilluminated taillight are inconclusive as to the color of the lights. And, while the squad car video does show the broken taillight in an illuminated state, the quality of the video is such that it is not clear whether the light emitted was red or white. The district court ultimately made a finding of fact that the light was white based on the testimony of Officer Chosa. While Syversrud's testimony supports his assertion that the taillight emitted a red light, Officer Chosa's contradictory account as to the color of the taillight supports the district court's finding. "Because the weight and believability of witness testimony is an issue for the district court, we defer to that court's credibility determinations." *State v. Miller*, 659 N.W.2d 275, 279 (Minn. App. 2003), *review denied* (Minn. July 15, 2003). Since the photographs and squad car video do not resolve what color the taillight emitted on the night in question, the district court did not

5

clearly err in finding that the evidence was inconclusive and crediting Officer Chosa's testimony.

Because the district court did not clearly err in finding that the light emitted from the taillight of Syversrud's vehicle was white, the district court properly concluded that law enforcement had a reasonable, articulable suspicion of a violation of law to conduct an investigatory stop, and thus the district court properly denied Syversrud's motion to suppress.

**Affirmed.**