*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A15-0604**

State of Minnesota,
Respondent,

vs.

David Paul Patterson,
Appellant.

**Filed March 7, 2016**
**Affirmed**
**Reyes, Judge**

Hubbard County District Court
File No. 29CR1496

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Donovan D. Dearstyne, Hubbard County Attorney, Park Rapids, Minnesota (for respondent)

Frank Bibeau, Deer River, Minnesota (for appellant)

    Considered and decided by Reyes, Presiding Judge; Peterson, Judge; and Klaphake, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**REYES**, Judge

Appellant challenges his conviction of fifth-degree possession and sale of a controlled substance, in violation of Minn. Stat. § 152.025 (2012), arguing that the search warrant was not lawfully executed. Appellant also raises various constitutional challenges. We affirm.

## FACTS

At approximately 10:20 a.m. on January 24, 2014, the Paul Bunyan Task Force led by Officer Fraik (the officer) executed a knock-and-announce warrant at appellant David Paul Patterson's home. The officers knocked, announced themselves, and saw appellant moving inside the home. Upon entering the home, the officers immediately placed appellant in handcuffs, performed a safety check, and secured the home. The officers then presented appellant with the search warrant and obtained a post-*Miranda* statement from him at approximately 10:30 a.m. Pursuant to the search warrant, the task force seized approximately seven pounds of marijuana. In appellant's post-*Miranda* statement, appellant acknowledged that he received a copy of the warrant. He stated that he uses, sells, and gives away marijuana. Appellant further stated that he does not make money from sales of the marijuana, but rather he makes medicine for his friends for spiritual and religious purposes. Appellant was initially charged with fifth-degree possession of a controlled substance, in violation of Minn. Stat. § 152.025, subd. 2(a)(1). He was subsequently charged with fifth-degree sale of a controlled substance, in violation of Minn. Stat. § 152.025, subd. 1(a)(1).

In February 2014, appellant filed an informal omnibus motion with the court to (1) dismiss the charges pursuant to 29 USC § 1359 for lack of jurisdiction; (2) dismiss the charges because he was coerced and threatened to sign documents; and (3) remove Assistant County Attorney Erika Randall from the case. Appellant also filed a formal omnibus motion dated June 15, 2014, to dismiss the charges for violating his civil rights under the United States Constitution, including: (1) freedom of religion; (2) equal protection; (3) his inalienable right to medicinal use and medicinal marijuana defense of others; and (4) to medicine and U.S. patents. The district court denied appellant's motions.

On January 16, 2015, at a contested omnibus hearing regarding appellant's motion to suppress the search warrant and the evidence seized as a result of the search, the officer, appellant, and appellant's daughter testified. On February 9, 2015, the district court issued an order denying appellant's motion. The district court found that the officers presented appellant with the search warrant approximately ten minutes after they entered the residence and concluded that the search warrant for appellant's residence was lawfully executed.

A jury trial was held, and the jury found appellant guilty on both charges. This appeal follows.

**D E C I S I O N**

I.      **The search of appellant's residence**

Appellant challenges the district court's ruling at the omnibus hearing that the search warrant was validly executed. He argues that the procedures under Minn. Stat.

§ 626.16 (2014) were violated because he was not given a copy of the search warrant immediately upon the officers' entry, and, as a result, the search of his home was invalid. We disagree.

"[S]tatutory construction is a question of law, which we review de novo." *Lee v. Lee*, 775 N.W.2d 631, 637 (Minn. 2009). "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16 (2014). "We construe statutes to effect their essential purpose but will not disregard a statute's clear language to pursue the spirit of the law." *Lee v. Fresenius Med. Care, Inc.*, 741 N.W.2d 117, 123 (Minn. 2007). "If the meaning of a statute is unambiguous, we interpret the statute's text according to its plain language." *Brua v. Minn. Joint Underwriting Ass'n*, 778 N.W.2d 294, 300 (Minn. 2010).

"[W]e review the district court's factual findings for clear error. That is, we examine the record to see if there is reasonable evidence in the record to support the court's findings." *Rasmussen v. Two Harbors Fish Co.*, 832 N.W.2d 790, 797 (Minn. 2013) (quotations and citations omitted). "[W]e view the evidence in the light most favorable to the verdict." *Id.* Findings of fact are clearly erroneous when we are left with the definite and firm conviction that a mistake has been made. *Id.* In addition, "[d]eterminations of credibility of witnesses at the omnibus hearing are left to the trial court, and those determinations will not be overturned unless clearly erroneous." *State v. Smith*, 448 N.W.2d 550, 555 (Minn. App. 1989) (citing *State v. Randa*, 342 N.W.2d 341, 343 (Minn. 1984)), *review denied* (Minn. Dec. 29, 1989).

4

Under Minn. Stat. § 626.16, "[w]hen the officer conducts the search the officer must give a copy of the warrant . . . to the person in whose possession the premises or the property or things taken were found." Minor and technical defects in the execution of a search warrant do not render an otherwise valid search and seizure invalid. *State v. Mollberg*, 310 Minn. 376, 385, 246 N.W.2d 463, 469 (1976), *see also Cady v. Dombrowski*, 413 U.S. 433, 93 S. Ct. 2523 (1973). In order to suppress evidence due to defects in the execution of a search warrant, appellant has the burden to show that the defects caused prejudice to him. *Mollberg*, 310 Minn. at 385, 246 N.W.2d at 469 (1976).

Appellant does not argue that section 626.16 is ambiguous. Rather, appellant argues that the statute requires actual physical presentation of the warrant to appellant before entry. But appellant provides no case law in support of this interpretation. The statute requires that a copy of the warrant be given to the person "[w]hen the officer conducts the search." Minn. Stat. § 626.16. A plain reading of the statute does not require that the warrant be presented before entry.

Applying the statute to the facts, the district court found that the task force executed a valid knock-and-announce search warrant at appellant's home, announced their presence, and "before the actual search began, [appellant] was provided a copy of the search warrant." The district court concluded that the search warrant was lawfully executed and defendant was not prejudiced by any delay in being presented with the search warrant.

The officer testified that he drove from Bemidji to appellant's home on the morning of January 24, 2014. He stated that he was the primary officer executing the

5

search warrant. The officer testified that he arrived at appellant's address with "several other people in the vehicle" and that there were "other vehicles parked behind [him]." The officer stated that he executed the knock-and-announce warrant by knocking on the door and announcing to appellant that the police were there to execute a search warrant. Appellant acknowledged receipt of the warrant in his recorded post-*Miranda* statement that day. Viewing the evidence in the light most favorable to the verdict, the record supports the district court's findings.

Appellant further argues that defects in the execution of the warrant due to the officer's late arrival with the warrant caused him prejudice. The district court found that appellant was not prejudiced by any delay in receiving the warrant, and appellant fails to show any prejudice from the delay. *Mollberg*, 310 Minn. at 385, 246 N.W.2d at 469. Moreover, the district court implicitly found the officer's testimony more credible. We defer to the district court's credibility determinations. *State v. Klamar*, 823 N.W.2d 687, 691 (Minn. App. 2012). The officer's testimony supports the district court's findings of facts. *Rasmussen*, 832 N.W.2d at 797 (quotations and citations omitted). Accordingly, we conclude that the search warrant for appellant's residence was lawfully executed.

## II. The constitutionality of Minn. Stat. § 152.025

In the background section of appellant's brief he states, "[a]ppellant wishes to raise and preserve the civil rights issues asserted in his *Defendant's Ominbus* [sic] *Challenges* dated June 15, 2014, but not to repeat in its entirety, for sake of brevity now. Instead appellant reasserts his inalienable right to medicinal use and medicinal marijuana defense of others."

6

It appears that appellant relies on the omnibus motion he filed in district court for his argument. While a motion filed in the district court may be relied upon pursuant to Minn. R. Civ. App. P. 128.01, subd. 2, appellant failed to follow the required procedures. *See Id*. (requiring a supplemental "short letter argument" and "the trial court submissions and decision shall be included in the addendum"). And issues not briefed on appeal are waived. *State v. Butcher*, 563 N.W.2d 776, 780-81 (Minn. App. 1997), *review denied* (Minn. Aug. 5, 1997); *see McKenzie v. State*, 583 N.W.2d 744, 746 n.1 (Minn. 1998) (applying the rule that arguments not briefed are waived when appellant alluded to issues but "fail[ed] to address them in the argument portion of his brief"). Moreover, appellant provides no further argument or evidence to substantiate this assertion. An assignment of error based on mere assertions and not supported by argument or authority cannot be considered on appeal except where prejudice is obvious. *State v. Modern Recycling, Inc.*, 558 N.W.2d 770, 772 (Minn. App. 1997). Because appellant did not adequately brief or provide legal support for his constitutional arguments, he has waived these issues.

**Affirmed.**